UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| T.J.H. and T.A.H, by and through their Guardian and Parent, L.R.A.; D.J.M., by and through his Guardian and Parent, J.M.; E.T., on her own behalf; and D.M., on his own behalf, | Case No. 07-CV-2508 (PJS/RLE) |
| Plaintiffs, | |
| v. | |
| SHAKOPEE PUBLIC SCHOOLS (INDEPENDENT SCHOOL DISTRICT NO. 720); SHAKOPEE BOARD OF EDUCATION; MARY ROMANSKY, Chairperson of the Board of Education, in her representative capacity; JOHN MCBROOM, Superintendent, in his representative capacity; KATHY MCKAY, Director of Special Education for Shakopee Public Schools, in her individual and representative capacities; MINNESOTA RIVER VALLEY SPECIAL EDUCATION COOPERATIVE (JOINT POWERS SCHOOL DISTRICT NO. 993);[1] SUSAN BRUNS, Chairperson, in her representative capacity; DARREN KERMES, Director, in his representative capacity; COLLEEN TROSEN, Special Education Coordinator, in her individual and representative capacity; and BARBARA BAHNSON, Special Education Administrator, in her individual and representative capacity, | ORDER |
| Defendants. | |

[1]The complaint identifies defendant Minnesota River Valley Special Education Cooperative as independent school district number 993.  It is actually "joint powers" school district number 993.  The official caption is hereby amended accordingly.

Margaret O'Sullivan Kane, KANE EDUCATION LAW, LLC, for plaintiffs.

Amy Mace and Isaac Kaufman, RATWIK ROSZAK & MALONEY, for defendant Shakopee Public Schools and related defendants.

Timothy J O'Connor, LIND JENSEN SULLIVAN & PETERSON, PA, for defendant Minnesota River Valley Special Education Cooperative and related defendants.

This matter is before the Court on the following submissions: (1) the parties' stipulation for dismissal of certain claims in plaintiffs' complaint [Docket No. 76]; (2) plaintiffs' motion to amend the complaint [Docket No. 31]; [2] (3) the motion of defendant Minnesota River Valley Special Education Cooperative ("MRVSEC") and related defendants for separate trials [Docket No. 46]; and (4) the motion of defendant Shakopee Public Schools ("Shakopee") and related defendants for judgment on the pleadings or summary judgment [Docket No. 50].

A. *Stipulation for Dismissal and Motion to Amend Complaint*

The parties' stipulation for dismissal is directed at the original complaint in this matter. Pursuant to that stipulation, the Court dismisses certain claims, as set forth below. The Court's dismissal of these claims necessarily changes the content of plaintiffs' complaint. Accordingly, plaintiffs' pending motion to amend the complaint is now directed at a complaint that is no longer operative.

The Court believes that the best way to proceed at this point is to deny the plaintiffs' pending motion to amend the complaint without prejudice. If plaintiffs wish to move to amend

---

[2]Plaintiffs' motion to amend the complaint [Docket No. 31] was initially referred to Chief Magistrate Judge Raymond L. Erickson, who took it under advisement after a hearing on November 29, 2007. In light of the parties' stipulation for dismissal, the undersigned now rules on the motion. Defendant MRVSEC's motion to compel discovery and require plaintiffs to amend their complaint to include their full names [Docket No. 25], which was also argued before Judge Erickson on November 29, 2007, remains under advisement with him.

the complaint, as that complaint has now been modified by this order, plaintiffs should file a new

motion for leave to amend along with a new proposed amended complaint that clearly sets forth

the claims that plaintiffs still intend to pursue.

*B.  MRVSEC's Motion for Separate Trials*

MRVSEC moves under Rule 42(b) of the Federal Rules of Civil Procedure for the claims

of each plaintiff to be tried separately.  In particular, MRVSEC emphasizes that the claims of

plaintiff T.J.H. differ significantly from the claims of the other plaintiffs and should therefore be

severed for trial.

With respect to plaintiff T.J.H., the Court finds that his claim under the Individuals With

Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-50, is sufficiently unlike the rest of the

claims in this case that his IDEA claim should not be part of this lawsuit.  On its own motion, the

Court severs plaintiff T.J.H.'s IDEA claim (Count 4 of the complaint) under Rule 21(b) of the

Federal Rules of Civil Procedure.  That claim will proceed in a separate action in this Court;

T.J.H.'s other claims remain in this action.

With respect to the remaining plaintiffs and claims, the Court finds that it would be

premature to decide at this point how to try this case.  That decision should await the conclusion

of discovery and the resolution of all non-dispositive and dispositive motions.  Accordingly, the

Court denies without prejudice MRVSEC's motion to sever the plaintiffs' non-IDEA-related

claims.

*C. Shakopee's Motion for Judgment on the Pleadings or Summary Judgment*

The Court denies Shakopee's motion for judgment on the pleadings.  As the Court discussed at the hearing on that motion, Shakopee has not clearly established that there are no material issues of fact and that it is entitled to judgment as a matter of law.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

The Court also denies without prejudice Shakopee's motion for summary judgment.  The disputes in this case are extremely complicated and fact-intensive, and the Court finds that it would be prudent to allow the parties to complete discovery, which is scheduled to close on April 27, 2008.  *See* Pretrial Order Oct. 18, 2007 [Docket No. 20].  After discovery has closed, Shakopee (or any other party) may move for summary judgment on the basis of a fully developed factual record, saving the Court and the parties the need to speculate what is likely to be revealed at future depositions or in response to future discovery requests.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' motion to amend the complaint [Docket No. 31] is DENIED
        WITHOUT PREJUDICE.

2.      Defendant MRVSEC's motion to sever [Docket No. 46] is GRANTED IN PART
        and DENIED IN PART as follows:

        a.      The claims of plaintiff T.J.H. against Shakopee and related defendants for
                violations of the Individuals with Disabilities Education Act in Count Four
                of the complaint are SEVERED.  The Clerk of Court is directed to

establish a new docket number for the resulting case, to docket this order

as the first entry in the newly created case, and to attach all documents

filed in this case up to the date of this order to that first docket entry.  The

plaintiff in the newly created case is T.J.H., by and through his guardian

and parent, L.R.A.  The defendants in the new case are:  Shakopee Public

Schools (Independent School District No. 720); Shakopee Board of

Education; Mary Romansky, Chairperson of the Board of Education, in

her representative capacity; John McBroom, Superintendent, in his

representative capacity; and Kathy McKay, Director of Special Education

for Shakopee Public Schools, in her individual and representative

capacities.  Plaintiff T.J.H. will be required to pay a filing fee for the new

case pursuant to 28 U.S.C. § 1914 on or before March 21, 2008.

b.      MRVSEC's motion is DENIED WITHOUT PREJUDICE in all other

respects.

3.      Defendant Shakopee's motion for judgment on the pleadings or summary

judgment [Docket No. 50] is DENIED as follows:

a.      To the extent that Shakopee moves for judgment on the pleadings, the

motion is DENIED.

b.      To the extent that Shakopee moves for summary judgment, the motion is

DENIED WITHOUT PREJUDICE to renewal after the close of discovery

and in accordance with the pretrial order.

4.    Pursuant to the parties' stipulation of dismissal [Docket No. 76], the following

claims and requests for relief in plaintiffs' complaint [Docket No. 1] are

DISMISSED WITHOUT PREJUDICE and without costs or disbursements to any

party:

    a.    Plaintiffs' claims under Count One for violations of the First, Fifth and

Fourteenth Amendments pertaining to freedom of association and freedom

from self-incrimination;

    b.    Plaintiffs' claims under Count Two for violations of their Fourteenth

Amendment Due Process rights for restricting their right to associate with

peers and classmates;

    c.    Plaintiffs' claims under Count Three pursuant to 42 U.S.C. § 1983 for

violations of the rights to freedom of association and freedom from

self-incrimination;

    d.    Plaintiffs' claims under Count Six pursuant to the Americans with

Disabilities Act pertaining to restrictions upon associations;

    e.    Plaintiffs' claims for relief set forth in Paragraphs 4 and 5 of their Prayer

for Relief, as they relate to any relief sought for violations of Plaintiffs'

rights to freely associate pursuant to the First and Fourteenth

Amendments, and for violations of Plaintiffs' rights to be free from

self-incrimination pursuant to the Fifth and Fourteenth Amendments; and

f.      Plaintiffs' claims, as set forth in Paragraph 10 of their Prayer for Relief,

for a preliminary and permanent injunction to enjoin Defendants from

denying Plaintiffs their rights to access to counsel and parents in any

interviews or interrogations.


Dated:  March 14, 2008                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge