UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TRISTAN J. HOUGH and TREVIN A. HOUGH, by and through their Guardian and Parent, RAYNE ABBOTT; DANIEL J. MANTHEY; EMILY TROSETH; and DAVID MORAVEC,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SHAKOPEE PUBLIC SCHOOLS (INDEPENDENT SCHOOL DISTRICT NO. 720); SHAKOPEE BOARD OF EDUCATION; KATHY MCKAY, Director of Special Education for Shakopee Public Schools, in her individual capacity; MINNESOTA RIVER VALLEY SPECIAL EDUCATION COOPERATIVE (JOINT POWERS SCHOOL DISTRICT NO. 993); LEZLIE PRETTYMAN OLSON, Director, in her individual capacity; DARREN KERMES, Director, in his individual capacity; COLLEEN TROSEN, Special Education Coordinator, in her individual capacity; and BARBARA BAHNSON, Special Education Administrator, in her individual capacity,<br><br>　　　　　　　　Defendants. | Case No. 07-CV-2508 (PJS/RLE)<br><br><br><br><br><br>ORDER |

---

　　　　Margaret O'Sullivan Kane, KANE EDUCATION LAW, LLC, for plaintiffs.

　　　　Timothy J. O'Connor, LIND JENSEN SULLIVAN & PETERSON, PA, for defendants Minnesota River Valley Special Education Cooperative, Lezlie Prettyman Olson, Darren Kermes, Colleen Trosen, and Barbara Bahnson.

In its order of March 30, 2009, the Court granted partial summary judgment to plaintiffs on some issues, to the MRVSEC defendants[1] on other issues, and to the Shakopee defendants[2] on all issues. The Court's order did not end this case. Although the Court granted summary judgment to plaintiffs on their Fourth Amendment claim against MRVSEC, a jury will still have to determine what damages, if any, plaintiffs are entitled to recover on that claim. Moreover, the Court denied summary judgment both to plaintiffs and to the MRVSEC defendants on the claims of Trevin Hough and Daniel Manthey for intrusion upon seclusion. Those claims will have to be tried before a jury.

Although this Court has not entered final judgment on any claim against any party, plaintiffs inexplicably filed a notice of appeal on April 29, 2009, seeking review of the Court's March 30 order. Rather than move to dismiss plaintiff's appeal for lack of jurisdiction, defendant MRVSEC inexplicably filed a notice of cross-appeal on May 12, 2009. Docket Nos. 192 (notice of appeal), 195 (notice of cross-appeal).

As a general matter, when a party files a notice of appeal, the district court is divested of jurisdiction over the matters on appeal. But "[t]his jurisdictional principle is not absolute." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Specifically, the district court "does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *Id.*

---

[1]The MRVSEC defendants are Minnesota River Valley Special Education Cooperative, Lezlie Prettyman Olson, Darren Kermes, Colleen Trosen, and Barbara Bahnson.

[2]The Shakopee defendants are Shakopee Public Schools, Shakopee Board of Education, and Kathy McKay.

In its March 30 order, the Court did not dispose of all claims against all parties, and the Court did not direct the entry of final judgment as to any claim or party under Rule 54(b) of the Federal Rules of Civil Procedure. Without question, then, the March 30 order is not a "final decision" that is appealable under 28 U.S.C. § 1291. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"); *see also Davis v. Village of Decatur*, 23 Fed. Appx. 595, 595-96 (8th Cir. 2001) (per curiam) ("Under 28 U.S.C. § 1291, appellate courts have jurisdiction over final judgments. Orders disposing of fewer than all the claims or all the parties are not final judgments."); *Robinson v. Morgan*, No. 99-2951, 187 F.3d 643 (Table), 1999 WL 603879, at *1 (8th Cir. Aug. 11, 1999) ("The district court dismissed three of the six defendants, and Robinson has filed a notice of appeal. Because there is no final order dismissing all claims and parties, we lack jurisdiction over this appeal."); *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir.1991) ("In the present case, the notice of appeal filed on August 28, 1990, was clearly premature. The grant of summary judgment on July 26, 1990, was not a final judgment because Basham's counterclaims were still outstanding."); *Barton v. Columbia Mut. Cas. Ins. Co.*, 930 F.2d 1337, 1338 n.2 (8th Cir. 1991) ("The district court's order of May 8, 1990 dismissed plaintiffs' claims against Columbia Mutual with prejudice, but did not adjudicate all claims involving the other parties to this case and did not contain a Fed. R. Civ. P. 54(b) certification. Thus, it was not properly appealable when entered.").

Because the March 30 order is interlocutory, it would be appealable, if at all, only under 28 U.S.C. § 1292. But the Court did not certify the March 30 order for immediate appeal under

§ 1292(b), and the Court's order does not fall within the categories of appealable interlocutory orders set forth in § 1292(a).

In short, the partial summary-judgment order entered by this Court on March 30, 2009 is plainly not an appealable order. Because this is not a case in which "the issue of appealability is in doubt," *Nixon*, 164 F.3d at 1107, the Court will not delay these proceedings to await the inevitable dismissal of the appeal and cross-appeal by the Eighth Circuit for want of jurisdiction. The parties are ORDERED to attend the settlement conference currently scheduled for July 7, 2009, to comply in all respects with the Trial Notice and Final Pretrial Order entered on April 16, 2009, and to be prepared to try this case on August 11, 2009.

SO ORDERED.

Dated:  May 22, 2009                             s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge